REQUESTED BY: Marilyn Hasselbalch, Executive Director Nebraska Real Estate Appraiser Board
You have requested our opinion on several issues primarily dealing with situations where a board member's status changes subsequent to appointment. Specifically, you ask the following questions: 1) Are board membership appointments predicated on the understanding the appointee will retain the designation which provided eligibility for appointment? 2) Is an appointee obligated to resign if he or she no longer holds the license or designation which established eligibility? 3) If a board member appointed to represent a certain industry severs that relationship in midterm, is the member ineligible to continue serving as a board member?
It appears the Board's first and third questions are closely related and can be addressed together. They deal with situations where a person met the qualifications for board membership when appointed, but during his or her term of office the board member's status changes (such as retirement, failure to renew a license, or change of professions), so that he or she no longer meets the initial membership qualification requirements. The question is whether such a status change makes the member ineligible to continue serving as a board member? Based on previous opinions issued by this office, we believe that eligibility criteria are continuing requirements. Thus, a member whose status changes so that he or she no longer meets the appointment qualifications thereby becomes ineligible to serve the remainder of his or her term of office.
Once a member is appointed, the Real Estate Appraiser Act, §§ 76-2201 to 76-2250, does not provide guidance concerning how to address situations where a board member's status changes during office. Our review of the legislative history for §76-2222 also failed to disclose any specific indication concerning what the Legislature may have intended in such situations. Likewise, we found no Nebraska case law on point.
This office has previously addressed continuing eligibility for service on a state board when a member's status changes during office. In Attorney General's Opinion 96020 we noted that although there was no Nebraska case law on the topic, the general rule from other jurisdictions indicated that eligibility requirements for public office is of a continuing nature. They must exist not only at the time of appointment, but also throughout occupancy of the office. See Op. Att'y Gen. No. 96020 (March 11, 1996). We therefore determined that a board member who ceased his active participation in a business through retirement became ineligible for continued service on the board.Id. We believe Attorney General's Opinion 96020 is directly on point and controls the situation presented in your opinion request.
You go on to ask whether an appointee is obligated to resign from office if he or she no longer meets the criteria which established eligibility? We believe a board member who no longer meets membership eligibility requirements for appointment would be obligated to resign. If the member refused to resign, action could be instituted to remove the member. This issue was addressed in Attorney General's Opinion 96020. In that opinion, we addressed what legal procedures were available for removing board members who are not qualified to continue in office. We determined that two mechanisms exist to remove unqualified members.
The Governor has the ability to remove, for cause, any person whom he appointed to the Board. The Real Estate Appraiser Act specifically provides for such removal. The last sentence of § 76-2222(2) states, "The Governor may remove a member for cause." Such removal power is also provided for in Art. IV, §10 of the Nebraska Constitution. The removal could only take place after a public hearing. In Attorney General's Opinion 96020, we determined that a board member's ineligibility to serve on the Board constitutes "cause."
Also, the Attorney General's Office could file an action to remove an unqualified member of a State board based on the quo warranto statutes, Neb. Rev. Stat. §§ 25-21,121 through25-21,148 (1995). These statutes allow an action to be filed against any person unlawfully holding any public office in the state.
Sincerely,
 DON STENBERG Attorney General
 Timothy J. Texel Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General